**RCO LEGAL, P.S.**
Rosemary Hong, Esq. SBN 265322
1241 E. Dyer Road, Suite 250
Santa Ana, California 92705
Telephone: (714) 277-4915
Facsimile: (714) 277-4899
rhong@rcolegal.com
File No.: 90673

Attorneys for Plaintiff
FEDERAL HOME LOAN MORTGAGE CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### EUREKA DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>V.<br><br>GILBERT H. SCHOUX and Does 1-50, inclusive,<br><br>Defendants. | Case No. 1:14-cv-02026-NJV<br><br>**EX PARTE APPLICATION FOR REMAND OF ACTION TO SUPERIOR COURT; DECLARATION OF ROSEMARY HONG IN SUPPORT THEREOF**<br><br>Date:<br>Time:<br>Dept.: |

I, Rosemary Hong, hereby declare:

1. I am over the age of eighteen years and not a party to this action. I am employed by RCO Legal, P.S., attorneys of record for Plaintiff herein. I am admitted to practice law in all courts in the State of California and admitted to practice in the United States District Court, all districts in the states of California. The following facts are true and correct as to my own personal knowledge and belief and if called to testify as a witness in court, I could and would testify competently in such capacity.

2. Plaintiff will and does hereby request an order from the Court remanding this

EX PARTE APPLICATION FOR REMAND OF ACTION
1

action back to the Superior Court on the basis that removal to this Court is untimely and improper as there are no issues of federal law in this case to be decided by this Court nor does the court have subject matter jurisdiction based on diversity.

3. This case was initiated on or about May 2, 2014 with the filing of a Notice of Removal by Defendant GILBERT H. SCHOUX ("Defendant"), attempting to bring a state court action for Unlawful Detainer to this federal court. On March 14, 2014, FEDERAL HOME LOAN MORTGAGE CORPORATION ("FHLMC") filed its complaint at the Lake County Superior Court, asserting a single cause of action for unlawful detainer.

4. The Summons and Complaint for unlawful detainer was served on Defendant on March 25, 2014. A request for entry of default against all unnamed occupants was entered on May 2, 2014.

5. On March 27, 2014, Defendant filed a Demurrer. On April 8, 2014, the Court denied Defendant's Demurrer and ordered Defendants to file an answer by April 22, 2014 and set the matter for trial for May 6, 2014. On April 21, 2014, Defendant answered in pro per. True and correct copies of the relevant documents supporting the procedural history of this case as stated above are all attached hereto collectively as **Exhibit "1"** and are incorporated herein by reference as if fully set forth herein.

6. I am proceeding on an ex parte basis and asking that the Court issue and enter a Remand Order on an expedited basis so that Plaintiff can proceed with its summary unlawful detainer action.

7. The Notice of Removal was filed on May 2, 2014, long after the original Summons period in the underlying unlawful detainer action had expired. Further, this Court should properly abstain from hearing a possession action which is normally virtually reserved for

the exclusive jurisdiction of the Superior Court and because there are no federal issues of law involved.

8. Pursuant to applicable statutes, including but not limited to 28 U.S.C. § 1446(b), a Notice of removal may only be filed, and a case removed, within the initial 30-day Summons period after service of process of the state court action. This is an Unlawful Detainer case which is entitled to preference in the state court, and which carries with it an initial Summons period of only five (5) days. Defendant was served with the Summons on or about March 25, 2014 and the Notice of Removal was filed on May 2, 2014. Defendants only had those initial five (5) days from October 16, 2011 to remove this matter (if there was a legitimate reason to do so). Even if the Court was to disagree, and if the Court was to allow the normal 30-day period, still in this case, more than thirty days have long since passed.

9. Defendant has no right to attempt to remove the case procedurally at all, thereby making this removal extremely improper. The tactic of trying to remove the case is in bad faith because the motivation is merely to delay an otherwise lawful eviction. The removal is Defendant's latest attempt to delay the eviction and they have no legal reason or cause to do so.

10. The Notice of Removal was filed for an improper purpose, i.e., to delay the eviction. I believe the Notice of Removal will cause a delay in obtaining the writ for possession of the real property. Unlawful detainer matters are summary in proceeding. If a regularly noticed motion is filed for the remand, it will not be heard for about 21 days or more and the case will be improperly delayed.

11. Removal jurisdiction is governed by statute. *See* 28 U.S.C. §1441. A "strong assumption" against removal jurisdiction exists. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

EX PARTE APPLICATION FOR REMAND OF ACTION
3

"If at any time before final judgment appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c); *see FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)("federal courts are under an independent obligation to examine their own jurisdiction").

12. Defendant removed the instant case base on diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Diversity jurisdiction exists if the complaint, as filed, puts more than $75,000 at issue. *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004). In this instant case, diversity jurisdiction is not applicable as the amount in controversy is under $75,000. The unlawful detainer complaint specifically states the demand "does not exceed $10,000." Additionally, in unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject property, determines the amount in controversy. *See* California Code of Civil Procedure § 86(a)(4)("Proceedings in forcible entry or forcible or unlawful detainer where the whole amount of damages claimed is twenty-five thousand dollars ($25,000) or less."). Defendants have the burden to prove to a legal certainty that the amount in controversy exceeds $75,000.00. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998-99 (9th Cir. 2007)(holding that the removing party has the burden to establish to a "legal certainty" that the amount in controversy requirement is met when the complaint affirmatively alleges an amount in controversy below the statutory minimum). Defendant has failed to provide any evidence to show the amount in controversy exceeds the jurisdictional limit. Accordingly, the court lacks subject matter jurisdiction and the case should be remanded.

13. This case does not belong in this Court under any circumstances, but most importantly the case cannot be in this Court because the Notice of Removal is untimely and a

removal cannot be effected at this late date. If the case is not remanded, Defendant will obtain the benefit of a delay, which he is not entitled to, and he will be rewarded for his bad faith conduct.

WHEREFORE, Plaintiff respectfully requests that the Court issue an immediate order, for good cause, and remand this case to the Superior Court, and for such other and further relief as the Court deems just and proper.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 9th day of May, 2014 at Santa Ana, California.

RCO LEGAL, P.S.

By: _____
Rosemary Hong, Esq.
Attorneys for Plaintiff

## STATE OF CALIFORNIA, COUNTY OF ORANGE

### PROOF OF SERVICE

Case Name: *FEDERAL HOME LOAN MORTGAGE CORPORATION V. SCHOUX*
Case Number: *1:14-cv-02026-NJV*

I declare: I am employed in the County of Orange, State of California. I am over the age of eighteen (18) years. My business address is 1241 E. Dyer Road, Suite 250, Santa Ana, California, 92705. I served the **EX PARTE APPLICATION FOR REMAND OF ACTION TO SUPERIOR COURT; DECLARATION OF ROSEMARY HONG IN SUPPORT THEREOF** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope via postage pre-paid, regular first class mail as follows:

**GILBERT H. SCHOUX**
**9517 FAIRWAY DRIVE**
**KELSEYVILLE, CA 95451**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Service was made and this declaration was executed on May 9, at Santa Ana, California.

By: 
Claudia Hanson